IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CAVE CONSULTING GROUP, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 6:17-cv-00344 |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| HEALTH CARE SERVICE CORPORATION, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Cave Consulting Group, Inc. alleges as follows for its Complaint for Patent Infringement against Defendant Health Care Service Corporation:

## Nature of the Action

1. This is an action for infringement of U.S. Patent No. 8,340,981 brought by Cave Consulting Group, Inc. against Health Care Service Corporation.

## Parties

2. Plaintiff Cave Consulting Group, Inc. ("CCGroup) is a California corporation with a principal place of business in San Mateo, California.

3. Defendant Health Care Service Corporation, a Mutual Legal Reserve Company ("HCSC") is an Illinois corporation with regular and established places of business in Tyler and Beaumont, Texas, among other places.

## Jurisdiction and Venue

4.   The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because it arises under the patent laws of the United States.

5.   The Court has personal jurisdiction over HCSC.  HCSC is subject to general jurisdiction in this Court because HCSC has a continuous and systematic presence in Texas such that it is essentially at home in the State.  HCSC has a division, Blue Cross Blue Shield of Texas ("BCBSTX"), which is headquartered in Richardson, Texas, and BCBSTX has at least eight additional regional sales offices located throughout the State.  Additionally, the Court has specific jurisdiction over HCSC in this matter because HCSC, through its division BCBSTX, has committed acts of infringement in this State as described below, and CCGroup's claims against HCSC arise out of at least those acts.

6.   Venue is proper in this District under 28 U.S.C. § 1400(b) because HCSC, through its division BCBSTX, has committed acts of infringement in this District as described below, and because HCSC has multiple regular and established places of business in this District, including regional sales offices in Tyler and Beaumont, Texas.

## Patent-in-Suit

7.   On December 25, 2012, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 8,340,981 ("the '981 patent"), entitled *Method, System, and Computer Program Product for Physician Efficiency Measurement and Patient Health Risk Stratification Utilizing Variable Windows for Episode Creation*.  An Ex Parte Reexamination Certificate was issued for the '981 patent on May 12, 2017.  A copy of the '981 patent with the Reexamination Certificate is attached as Exhibit A.

8. CCGroup is the owner of all right, title, and interest in the '981 patent and has the right to sue for infringement thereof.

9. The '981 patent is valid and enforceable.

## Infringement of the Asserted Patent

10. HCSC infringes the '981 patent when it uses its software for physician efficiency measurement, including the software-based method known as BlueCompare Physician Cost Assessment ("PCA") ("the Accused Method").

11. HCSC has had knowledge of the '981 patent since at least the date when CCGroup filed this Complaint.

12. HCSC's infringing acts will continue unless restrained by this Court.

## Count I – Infringement of the '981 Patent

13. CCGroup realleges and incorporates by reference all of the other paragraphs of this Complaint.

14. HCSC infringes and has infringed literally or under the doctrine of equivalents at least claim 13 of the '981 patent by using the Accused Method.

15. The Accused Method, as described on the website for HCSC's Texas division BCBSTX in the documents attached as Exhibit B (at pages 5-9) and Exhibit C (at ¶¶ 2, 5-6), practices each limitation of claim 13.

16. Specifically, as described in the cited documents, the Accused Method uses computer software to obtain medical claims data on a computer system; form episodes of care from that claims data; assign episodes of care to physicians; apply static window periods to identify episodes of care; assign at least one physician to a report group; determine eligible physicians and episode of care assignments; calculate condition-specific episode of care

statistics; calculate episode of care statistics across medical conditions utilizing a predefined set of medical conditions for a specific specialty type; and determine physician efficiency scores from those statistics.

17. On information and belief, the Accused Method, the computer software that embodies the Accused Method, and/or the computer-implemented system that performs the Accused Method, infringe(s) additional claims of the '981 patent. CCGroup will identify these claims once it has had the opportunity to obtain non-public information concerning the functionality of the Accused Method, which HCSC has not fully disclosed publicly.

18. HCSC, through its division BCBSTX, uses the Accused Method to assess the efficiency of physicians in Texas, and specifically in the Eastern District of Texas. *See* Exhibit B at page 5.

19. HCSC's actions have caused harm to CCGroup, which may not be fully compensable by monetary damages.

20. HCSC's infringement has occurred with full knowledge of the '981 patent since at least the date of the filing of this Complaint, and has been willful and deliberate since at least that time.

21. HCSC's past infringement has caused damage to CCGroup and its future use of CCGroup's patented methods, software, and/or systems will result in additional such damage.

## Prayer for Relief

On motion or after a trial by jury, CCGroup requests that the Court grant the following relief:

    A. Permanently enjoin HCSC and those in active concert or participation with them from further infringing the '981 patent pursuant to 35 U.S.C. § 283;

B. Enter judgment that HCSC infringes one or more claims of the '981 patent;

C. Enter judgment that HCSC infringement of the '981 patent has been willful;

D. Award CCGroup monetary damages in an amount sufficient to compensate CCGroup for the harm caused by HCSC's infringement, not less than a reasonable royalty for the use made of the inventions, along with pre- and post-judgment interest pursuant to 35 U.S.C. § 284;

E. Award CCGroup enhanced damages for HCSC's infringement pursuant to 35 U.S.C. § 284;

F. Award CCGroup supplemental monetary damages for any infringing acts after judgment and before entry of a permanent injunction;

G. Declare this case exceptional and award CCGroup its costs, expenses, and attorneys' fees pursuant to 35 U.S.C. § 285; and

H. Award CCGroup such other and further relief as the Court finds just and proper.

## Demand for Jury Trial

CCGroup respectfully demands a jury trial on all claims and issues so triable.

Dated: June 12, 2017

Respectfully submitted,

ARMSTRONG TEASDALE LLP

By: /s/ Richard L. Brophy

Richard L. Brophy
Mark A. Thomas
Zachary C. Howenstine
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
(314) 621-5070 (telephone)
(314) 621-5065 (facsimile)
rbrophy@armstrongteasdale.com
mathomas@armstrongteasdale.com
zhowenstine@armstrongteasdale.com

*Attorneys for Plaintiff Cave Consulting Group, Inc.*