IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CAVE CONSULTING GROUP, INC., | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 6:17-CV-00344-RWS |
| v. | § § | |
| HEALTH CARE SERVICE CORPORATION, | § § § § § | |
| Defendant. | | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. The Report and Recommendation of the Magistrate Judge ("R&R"), which contains his recommendation for the disposition of this action, has been presented for consideration (Docket No. 40). The Magistrate Judge recommended granting Defendant Health Care Service Corp.'s ("HCSC" or "Defendant") Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket No. 19), reasoning the asserted patent, U.S. Patent No. 8,340,981 ("the '981 Patent"), is directed toward ineligible subject matter under 35 U.S.C. § 101. Docket No. 40. Plaintiff Cave Consulting Group, Inc. ("Cave" or "Plaintiff") filed objections to the R&R (Docket No. 41) to which HCSC filed a response (Docket No. 51). HCSC also filed a partial objection to the R&R (Docket No. 42) to which Cave filed a response (Docket No. 52).

## I. Plaintiff's Objections

Plaintiff presents two main objections to the R&R, arguing the Magistrate Judge erred in: (1) finding that claim 13 is directed to an abstract idea; and (2) concluding that claim 13 lacks any inventive concept. Docket No. 41 at 1–6. The Court will take up each of Plaintiff's objections in turn.

### a. Abstract Idea

Plaintiff first argues the Magistrate Judge erred in finding that claim 13 of the '981 Patent is directed toward an abstract idea. Docket No. 41 at 1–5. Specifically, Plaintiff contends that the Magistrate Judge erred in finding that claim 13 is analogous to the claim considered by the Federal Circuit in *Electric Power Group, LLC v. Alstom, S.A. Id.* at 2 (citing 830 F.3d 1350 (Fed. Cir. 2016)). On this point, Plaintiff argues that the claims are distinguishable because in *Electric Power Group* there was no suggestion that the claimed methods improved on the prior art, whereas here, claim 13 of the '981 Patent includes an innovative set of rules specifically directed to improving on prior art methods of physician efficiency measurement. Docket No. 41 at 2.

Here, the Magistrate Judge found claim 13 analogous to those considered in *Electric Power Group* because "the advance claim 13 purports to make is an improved determination of physician efficiency by using a claimed process of obtaining medical data, performing patient analyses, assigning physician groups, and calculating statistics." R&R at 8–9 (citing '981 Patent at 2:58–3:20). In *Electric Power Group* the Federal Circuit similarly considered the purported improvement of the claimed methods over the prior art and found that the claims were directed to an abstract idea because "[t]he advance they purport to make is a process of gathering and analyzing information of a specified content, then displaying the results, and not any particular assertedly inventive technology for performing those functions." *Electric Power Group*, 830 F.3d

at 1354. Therefore, Plaintiff's argument that claim 13 is distinguishable because the improvement of the claims over the prior art was not considered in *Electric Power Group* is without merit. Indeed, not only did the Magistrate Judge find the claims analogous on this basis, but a separate court in considering nearly identical claims of a related patent similarly found the claims to be directed to an abstract idea on this basis. *See Cave Consulting Group, Inc. v. Truven Health Analytics Inc. et al*, No. 15-cv-02177 (N.D. Cal. Dec. 15, 2017) (Docket No. 342 at 12) (finding the steps of "obtaining medical claims data," "performing patient analysis using said obtained medical claims data to form episodes of care using the computer system," "assigning" episodes of care to physicians and "assigning" physicians to geographic report groups, "determining" eligible physicians and episode of care assignments, "calculating" physician efficiency statistics, and "displaying" physician efficiency scores, similar to, and arguably much broader than the claim language in *Electric Power Group*.) The Court agrees with this conclusion.

Plaintiff next argues that the Magistrate Judge erred in disregarding Plaintiff's assertion that it is impossible to practice the method of claim 13 without computer technology. Docket No. 41 at 2–3. However, the Magistrate Judge did not disregard this assertion. The Magistrate Judge specifically considered this argument and concluded that "there is no provided significance of the 'computer system' claimed; it is merely a generic implementation" and that "storing information electronically is not enough to show a computer is necessary." R&R at 9 (citing '981 Patent at 2:58–3:20; *In re Salwan*, 681 F. App'x 938, 941 (Fed. Cir. 2017)). Further, the Magistrate Judge concluded that the "claims and the disclosures provide no significance to the computer system to carry out the claimed methods" and the computer "is merely a conduit for data processing of the provided information." R&R at 9. Therefore, Plaintiff's argument that the Magistrate Judge disregarded the allegation that it is impossible to practice the method of claim 13 without computer

technology is incorrect. Rather, the Magistrate Judge specifically considered this argument and concluded from the disclosures and claim language that the computer implementation was merely generic and did not provide any improvement as set forth in claim 13. The Court agrees with this conclusion.

Next, Plaintiff argues that the Magistrate Judge erred in distinguishing *McRO, Inc. v. Bandai Namco Games Am. Inc.*. Docket No. 41 at 3 (citing 837 F.3d 1299 (Fed. Cir. 2016)). Specifically, Plaintiff argues that the Magistrate Judge was incorrect in concluding that claim 13 "is more analogous to a computer being used to improve the existing technological process—not the claimed rule improving the process" because the '981 Patent makes clear the invention is directed to correcting certain errors of prior art methods of calculating physician efficiency. *Id.* In his R&R, the Magistrate Judge carefully considered the *McRO* case and found that unlike *McRO*, "claim 13 does not articulate a set of limiting rules in any meaningful way" because the "claimed limiting rules, such as the assignment of 'episodes of care,' are simply broad concepts used to assign and organize data through a series of calculations." R&R at 11. Further, the Magistrate Judge reasoned that "claim 13 is more analogous to a computer being used to improve the existing technological process" "because the claimed method simply uses the computer to obtain, organize, and calculate data, and uses the resulting information to determine a physician's efficiency score." *Id.* (citing '981 Patent at 2:58–3:20). Plaintiff's objection does not refute this conclusion, but rather makes the broad and sweeping argument that any claim that includes an improvement over the prior art is not abstract. That broad contention was not the holding of *McRO* and does not persuade the Court that the Magistrate Judge erred in his analysis of the claim.

Similarly, Plaintiff's contention that the conclusion of a generic implementation cannot be reconciled with *McRO* and that *McRO* refuted the notion accepted by the Magistrate Judge that "a

claim involving a formula for processing information is necessarily directed to an abstract idea" is incorrect. The Magistrate Judge did not conclude that a computer implementation was generic based on *McRO's* holding nor did he find that all claims involving a formula for processing information are abstract. Instead, as discussed above, the Magistrate Judge examined the specific language of claim 13 and found that "the claimed method simply uses the computer to obtain, organize, and calculate data, and uses the resulting information to determine a physician's efficiency score." R&R at 11 (citing '981 Patent at 2:58–3:20). While Plaintiff continues to argue that the R&R only considers one claim element of claim 13 that would render the claim not abstract, Plaintiff fails to point to any other limitations of claim 13 that would arguably take the claim out of abstraction. Docket No. 41 at 4. Again, the Court agrees with the Magistrate Judge's analysis of the claim and finds no error in his conclusion that the claim is directed to an abstract idea.

Finally, Plaintiff argues that the Magistrate Judge erred in following the reasoning from the recent decision in *Cave Consulting Group, Inc. v. Truven Health Analytics Inc. et al*. Docket No. 41 at 4–5. With respect to the Magistrate Judge's reliance on that case, the Magistrate Judge found that case instructive and persuasive with respect to claim 13 because of the similarity of the claims and Plaintiff's own allegations and reliance on those claims as similar in this case. R&R at 13–14. Specifically, the Magistrate Judge found that "[c]laim 1 of the '726 Patent and claim 13 of the '981 Patent are nearly identical, both reciting a method for determining physician efficiency by obtaining medical data, analyzing the data, assigning the data, and calculating statistics." *Id.* at 14 (citing '981 Patent at 2:58–3:20; '726 Patent at 110:8–34). The Court finds no error in the Magistrate Judge's discussion of this case as persuasive.

Accordingly, for the reasons set forth herein, the Magistrate Judge did not err in concluding that claim 13 of the '981 Patent is directed toward an abstract idea.

### b. Inventive Concept

Plaintiff also argues the Magistrate Judge erred in finding that claim 13 of the '981 Patent lacks any inventive concept. Docket No. 41 at 5. Specifically, Plaintiff contends that the Magistrate Judge's conclusion that claim 13 of the '981 Patent does not present an inventive concept is incorrect because the "specification discusses at length and in detail how the claimed systems and methods are novel means of addressing errors in the prior art." *Id*. Plaintiff essentially re-asserts its argument in its original briefing that claim 13 is inventive because it provides a novel improvement over the prior art.

With respect to the inventive concept analysis, the Magistrate Judge specifically considered each limitation of claim 13 and found that "claim 13 amounts to the routine practice of determining physician efficiency scores via its claimed steps" which "do not transform the subject matter into an inventive concept." R&R at 16–17. Moreover, the Magistrate Judge noted that "any novelty over the prior art does not in and of itself change the fact that the claim as a whole and its limitations are well-understood, routine, conventional activities used to determine physician efficiency scores." *Id.* at 17 (citing *Ultramercial, Inc. v. Hulu, LLC,* 772 F.3d 709, 716 (Fed. Cir. 2014) ("[t]hat some of the [] steps were not previously employed in this art is not enough—standing alone—to confer patent eligibility upon the claim[] at issue."); *see also Verint Sys. Inc. v. Red Box Recorders Ltd.*, 226 F. Supp. 3d 190, 196 (S.D.N.Y. 2016) (finding the proper question at step two is "not whether the invention is novel or whether it would be obvious to someone skilled in the art, but whether the claims contain an inventive concept such that the invention does not claim an abstract idea.")). The Court agrees with this analysis.

Finally, Plaintiff argues that the situation in this case is the same as that of *Mirror Worlds Technologies, LLC v. Apple Inc*. because there is a lack of evidence that the "claimed computer functions … were well-understood, routine, conventional activities previously known to the industry at the time of filing." Docket No. 41 at 5–6 (citing No. 6:13-cv-419, 2015 WL 6750306, at *10 (E.D. Tex. July 7, 2015)). However, the Court's decision in *Mirror Worlds* is distinguishable where, in that case, the Court found the problem addressed by the claims "specific to the field of computer operating systems" and "the claimed solution 'purport[s] to improve the functioning of the computer itself.'" *Mirror Worlds* Techs., 2015 WL 6750306, at *9 (quoting *Alice Corp. Pty. v. CLS Bank Int'l,* 134 S.Ct. 2347, 2359 (2014)). Here, claim 13 does not purport to address a claim specific to the field of computer operating systems or to improve the function of the computer itself. *See* '981 Patent at 2:58–3:20. As the Magistrate Judge discussed, claim 13 simply uses the computer as a conduit for the data processing of the provided information. R&R at 9. Accordingly, the Court agrees with the Magistrate Judge that the claimed invention does not contain an inventive concept that transforms the claims into patent-eligible subject matter.

For the reasons set forth herein, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the findings and conclusions of the Magistrate Judge with respect to claim 13 of the '981 Patent.

## II. Defendant's Objection

Defendant does not object in substance to the Magistrate Judge's R&R. Defendant agrees with the Magistrate Judge's findings and conclusions but requests that the Court further find that claim 20 of the '981 Patent recites patent-ineligible subject matter for the same reasons as claim 13. Docket No. 42 at 3. In response, Plaintiff does not specifically object to the Court's

consideration of claim 20, but contends that the arguments it proffered in its objections (Docket No. 41) demonstrate that the '981 Patent is not invalid under 35 U.S.C. § 101. Docket No. 52 at 1.

In his R&R, the Magistrate Judge declined to find claim 13 representative of all claims of the '981 Patent, noting that Plaintiff had only clearly asserted claim 13 in its amended complaint. R&R at 18–19. The Magistrate Judge further noted that "[t]o the extent that Cave has added claims to its contentions in supplementation to its amended complaint, the Court is not apprised of those additional claims." *Id.* at 19. The Magistrate Judge therefore found that analysis of claim 13 was all that was ripe for consideration on Defendant's motion to dismiss the allegations of the complaint pursuant to Rule 12(b)(6). *Id.*

In its partial objection, Defendant notes that Plaintiff's infringement contentions served on September 11, 2017 identify claim 20 as well as claim 13. Docket No. 42 at 2. On this basis, Defendant requests the Court to consider claim 20 as part of this case and dismiss all of the asserted claims with prejudice. *Id.* at 3. Given that claim 20 has been asserted by Plaintiff through its infringement contentions in this case, the Court finds it appropriate to consider whether claim 20 is directed to patent-eligible subject matter on the same grounds as claim 13.

Claim 20 of the '981 Patent recites:

> 20. A non-transitory computer program product tangibly embodied in computer instructions in a computer readable medium which, when the computer instructions are executed by a computer,
>   determines physician efficiency, by performing the acts
>     obtaining medical claims data stored in a computer readable medium on the computer system;
>     performing patient analysis using said obtained medical claims data to form episodes of care utilizing the computer system;
>     performing output process based on performed patient analysis utilizing the computer system, the output process comprising:
>     assigning episodes of care to physicians; and

> applying a first maximum duration rule utilizing
>     a set consisting of static window periods to identify
>     episodes of care;
> assigning at least one physician to a report group utilizing
>     the computer system;
> determining eligible physicians and episode of care
>     assignments utilizing the computer system;
> calculating condition-specific episode of care statistics
>     utilizing the computer system;
> calculating episode of care statistics across medical conditions
>     utilizing a predefined set of medical conditions
>     for a specific specialty type utilizing the computer
>     system; and
> determining efficiency scores for physicians from said
>     calculated condition-specific episode of care statistics
>     and said episode of care statistics calculated across
>     medical conditions utilizing the computer system.

'981 Patent at 3:21–4:7.[1]

Claim 20 and all of its limitations are identical to claim 13, but for the language of the preamble of the claims. While claim 13 recites "[a] *method* implemented on a computer system of determining physician efficiency, the method comprising…", claim 20 recites "[a] non-transitory *computer program product* tangibly embodied in computer instructions in a computer readable medium which, when the computer instructions are executed by a computer, determines physician efficiency, by performing the acts of…". '981 Patent at 2:58–60; 3:21–25 (emphasis added). Thus, the only difference between the claims is that claim 13 recites a method of determining physician efficiency while claim 20 recites a computer program product that determines physician efficiency by the same steps recited in claim 13. *Id.* This difference between the language of the preambles does not change the Court's analysis that the claims are directed towards patent-ineligible subject matter. Indeed, in *Alice*, the Supreme Court found that Petitioner's computer system and computer-readable medium claims fail for substantially the same reasons because "the system claims are no

---

[1] Column and line numbers for citations to the claims are to the amended claims as set forth in the the ex parte re-examination issued on May 12, 2017.

different from the method claims in substance" and the "method claims recite the abstract idea implemented on a generic computer" while "the system claims recite a handful of generic computer components configured to implement the same idea." *Alice,* 134 S.Ct. at 2360.

Here, the computer program product claim (claim 20) similarly recites a handful of generic computer terms to implement the exact same steps as recited in method claim 13. '981 Patent at 2:58–3:20; 3:21–4:7. For example, the language of the preamble of claim 20 includes generic terms such as a "computer program product" including "computer instructions" in a "computer readable medium" executed by a "computer." '981 Patent at 3:21–25. Plaintiff makes no argument that any of these terms render the claim patent-eligible or distinguish it from claim 13. Having reviewed the claims and disclosures, the Court finds that claim 20 is directed to patent-ineligible subject matter for the same reasons articulated herein and by the Magistrate Judge in his R&R with respect to claim 13. *See CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1375 (Fed. Cir. 2011) (finding "the 'computer readable medium' limitation of claim 2 does not make the otherwise unpatentable method patent-eligible under § 101.").

With the supplements contained herein, the Court, having conducted a *de novo* review of the parties' objections and agreeing with the Magistrate Judge's findings of fact and conclusions of law, **ADOPTS** the Report and Recommendation of the United States Magistrate Judge as the findings and conclusions of this Court.

All objections are **OVERRULED** and the finding that claim 13 of the '981 Patent is directed toward patent-ineligible subject matter under § 101 is affirmed. Further, for the reasons set forth herein and as articulated in the Magistrate Judge's R&R, the Court similarly finds that claim 20 of the '981 Patent is directed towards patent-ineligible subject matter under § 101.

Defendant's Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim (Docket No. 19) is **GRANTED** and the complaint is **DISMISSED WITH PREJUDICE.**

**SIGNED this 5th day of February, 2018.**

*[Signature: Robert W. Schroeder III]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE